Submitted on petition for review March 8, petition for review allowed, affirmed as modified and remanded October 1, 1985

RAJNEESH MEDICAL CORPORATION,
*Petitioner,*

*v.*

WASCO COUNTY,
*Respondent.*

(84-064)


RAJNEESH TRAVEL CORPORATION,
*Petitioner,*

*v.*

WASCO COUNTY,
*Respondent.*

(84-065)


SAGUN,
*Petitioners,*

*v.*

WASCO COUNTY,
*Respondent.*

(84-066)


CITY OF RAJNEESHPURAM,
*Petitioner on Review,*

*v.*

WASCO COUNTY,
*Respondent on Review.*

(84-067)
(CA A34040; SC S31550)
706 P2d 948

Ma Prem Sangeet, Rajneeshpuram, filed the petition for petitioner on review City of Rajneeshpuram.

No appearance contra.

## MEMORANDUM OPINION

We allow the City of Rajneeshpuram's petition for review to consider whether Wasco County is excused from the requirement of ORS 197.190 that it coordinate its comprehensive plan with the City of Rajneeshpuram, an affected jurisdiction within the county planning area. LUBA held that the county did not need to coordinate with the city because the validity of the city's incorporation remains at issue in the proceeding directly challenging the incorporation. *See 1000 Friends of Oregon v. Wasco County,* 299 Or 344, 703 P2d 207 (1985), which remanded certain questions regarding Wasco County's approval of the incorporation petition and authorization of the incorporation election to LUBA. The Court of Appeals affirmed *per curiam.* 72 Or App 186, 694 P2d 997 (1985).

■■ In *Perkins v. City of Rajneeshpuram,* 300 Or 1, 706 P2d 949 (1985), we held that a collateral attack against the city's validity was barred by ORS 12.270(4).[1] In the case at bar, we hold that the county must coordinate with the city because the county's collateral attack in this proceeding on the city's validity is time-barred. The Court of Appeals is affirmed in all other respects, and the case is remanded to LUBA for remand to Wasco County for further proceedings not inconsistent with this opinion.

---

[1] ORS 12.270(4), Or Laws 1975, ch 326, § 2, provides:

"On September 13, 1975, any proceeding which establishes or alters the boundaries of a governmental subdivision previously or hereafter initiated and purported to be effected in accordance with applicable legal requirements shall be conclusively presumed valid for all purposes one year after the purported effective date of the action. No direct or collateral attack on the action may thereafter be commenced. This statute of limitations includes but is not limited to the following proceedings:

"* * * * *

"(4) Incorporations under ORS 221.010 to 221.090."